## CARL PEARCE V. THE STATE.

No. 22967. Delivered November 29, 1944.

The opinion states the case.

*Baker & Baker* and *R. E. Murphey*, all of Coleman, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with theft of property over fifty dollars, and by the jury convicted therefor and assessed a term of two years in the penitentiary.

Appellant insists that the facts presented herein fail to show his guilt. They do show that the injured party, Elmer D. Rogers, was a soldier, and on April 9, 1944, at a cafe, he first met up with appellant in the town of Brady. These two ate a meal together, for which Rogers paid, and at that time he opened his billfold containing some $140.00 in money, and appellant saw the same. They then purchased a bottle of gin and took a taxicab to a tourist camp, both giving evidence of the effect of strong drink. Appellant refused to register at such camp, directing the persons in charge thereof to let the soldier register, which Rogers did. They then went into their room, and doubtless consumed more gin. Eventually Roberts became sleepy, and took off his outer clothing, and put his pants under his pillow, the pants containing his billfold with 13 ten-dollar bills therein, one bill having been spent "here and there." The pants stuck out on the side of the pillow, and after Rogers went to bed appellant sat up on the edge of the bed and would not go to bed. Rogers soon went to sleep, this being about 3 o'clock in the morning, and did not wake up until about sunup in the morning, at which time Rogers found that 8 ten-dollar bills had been taken from his billfold, and appellant was gone.

Appellant was arrested by the sheriff on the Tuesday after the Saturday on which the money was claimed to have been lost, and upon a search there was found 7 ten-dollar bills and 2 five-dollar bills in the lining of his trousers at the waist.

Appellant offered no testimony save that of his father, who said that on the Saturday of this loss of money upon the part of Rogers his son, appellant, had some bills which he saw his son place in the lining of his pants, that his son carried his money that way, as well as some change in his pocket; that his son worked for the father on the farm when they had work to do, and lived 21 1/2 miles from town; that the son would come to town sometimes on Saturday and stay there until Sunday or Monday. Appellant offered no further testimony.

The trial court charged the jury on the law or circumstantial evidence.

It is shown that the room in the tourist camp, occupied by the soldier who lost the money, had two doors thereto, one open-

ing outward into the court, and another opening into a toilet, with a further door opening into another room which was occupied by a sailor. It was also shown that all the rooms at this tourist court were occupied by guests, and of course, during the hours of the soldier's sleep anyone of these different occupants of these rooms could have had access to the soldier's room.

The strongest circumstance pointing to appellant was the possession of 7 ten-dollar bills and 2 five-dollar bills in the peculiar place of the lining of his trousers. Appellant could have easily explained where he had gotten these bills, but under the law he did not have to do so, and the jury had no right to take into consideration his failure to take the stand and explain this strong circumstance, nor do we have such a right under the statute.

Under the circumstances presented to us, we are of the opinion that same do not exclude every other reasonable hypothesis than that of appellant's guilt. There were no marks of any kind or characteristics on the bills lost by the soldier other than all ordinary ten-dollar bills, thousands of which are in daily circulation throughout the State, and the soldier was unable to identify any of such bills taken off appellant's person.

Believing the facts to be insufficient to show his guilt under the law, the judgment is reversed and the cause remanded.